**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STATE OF OKLAHOMA, ex rel. DEPARTMENT OF TRANSPORTATION | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 09-CV-452-TCK-TLW |
| UNITED STATES OF AMERICA, SMALL BUSINESS ADMINISTRATION; CROW REAL ESTATE INVESTMENTS, LLC, a terminated Oklahoma Limited Liability Company; CROW ENTERPRISES, LLC, an Oklahoma Limited Liability Company, d/b/a Turnpike Chrysler Jeep Dodge; ARVEST BANK, a Foreign Corporation; and COUNTY TREASURER OF OTTAWA COUNTY, OKLAHOMA; | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER *NUNC PRO TUNC***

Before the Court is plaintiff's Motion for Order Directing Defendants to Return Excess Commissioners' Award. (Dkt. # 152). Plaintiff's motion seeks the return of $1,263,740.42, which was deposited with the Northern District Court Clerk and disbursed to defendants as part of this condemnation proceeding. Defendants, Small Business Administration ("the SBA") and Arvest Bank ("Arvest"), filed responses. (Dkt. ## 154, 156). Defendants Crow Real Estate Investments, LLC ("Crow Real Estate") and Crow Enterprises, LLC ("Crow Enterprises") (collectively known as "the Crow defendants") also filed a joint response to plaintiff's motion. (Dkt. # 157). Plaintiff filed a reply. (Dkt. # 162).

## BACKGROUND

On July 16, 2009, plaintiff filed a condemnation proceeding in this Court against the Crow defendants seeking to take 1.88 acres of a parcel in Ottawa County, Oklahoma.[1] (Dkt. # 2). See Okla. Stat. tit. 69, § 1203 (2009). Crow Real Estate owned the property, and Crow Enterprises operated a Chrysler car dealership on the property. (Dkt. # 2). The SBA held a mortgage on the property, as did Arvest. Id.

Pursuant to the Oklahoma statute, the Court appointed three commissioners to appraise the value of the 1.88 acre parcel. (Dkt. # 29). Before the commissioners could appraise the property; however, plaintiff filed its First Amended Complaint on October 20, 2009. (Dkt. # 37). In the First Amended Complaint, plaintiff sought to condemn 5.16 acres, the entire parcel owned and leased by the Crow defendants. (Dkt. ## 37, 101). The Court entered an amended order setting forth the revised property description, and the commissioners appraised the entire parcel. (Dkt. ## 40, 42).

The commissioner's report, filed December 8, 2009, appraised the 5.16 acre parcel at $1,856,506.42. (Dkt. # 42). Plaintiff deposited that sum with the Court Clerk, and defendants sought disbursement of those funds without objection from plaintiff. (Dkt. ## 67, 71, 72, 73). The Court then ordered disbursement of the entire amount in four separate sums: the Crow defendants received $1,259,443.70; Arvest received two payments, one for $40,000.00 and one for $428,040.27; and the SBA received $129,022.45.[2] (Dkt. # 74). All parties made timely demands for a jury trial on the amount of just compensation owed to defendants. (Dkt. ## 48, 50, 52, 61).

---

[1] The Court has jurisdiction over the condemnation proceeding under 28 U.S.C. § 2410(a)(4), because the SBA held a mortgage on the property. (Dkt. # 2).

[2] These payments satisfied the liens held by Arvest and the SBA, but neither released its lien, and both remain parties to the action. (Dkt. # 163, Recording of Hearing Conducted on October 27, 2011).

A year later, after receiving discovery from the Crow defendants, plaintiff filed a Motion to Amend its First Amended Complaint. (Dkt. # 101). In that motion, plaintiff alleged that it had filed its First Amended Complaint seeking condemnation of the entire parcel only upon the representations of the Crow defendants that the remainder of the parcel, after the taking, would be an uneconomic remnant, because Crow Enterprises would be unable to fulfill its dealership agreement with Chrysler on the remainder. Id. After receiving discovery related to the Crow defendants' car dealership, plaintiff learned that the remainder provided sufficient space to satisfy the Crow defendants' agreement with Chrysler. Id. Accordingly, plaintiff argued, it did not need to acquire the entire parcel. Id. Plaintiff sought to amend its First Amended Complaint to identify only the original 1.88 acres as the property to be taken. Id.

Defendants initially opposed the amendment but ultimately consented to plaintiff's motion. (Dkt. # 118). The Court entered an order granting plaintiff's Motion to Amend, and plaintiff filed a Second Amended Complaint, which sought condemnation of the original 1.88 acre parcel. (Dkt. ## 118, 119). The Crow defendants then filed a motion seeking an order directing the commissioners to file a second report appraising the smaller parcel. (Dkt. ## 125, 126). The Court entered an order directing the commissioners to file a second report on April 15, 2011. (Dkt. # 134).

On August 17, 2011, the commissioners filed their second report. (Dkt. # 142). The commissioners' second report estimated the just compensation for the 1.88 acre parcel at Five Hundred Ninety-Two Thousand, Seven Hundred Sixty-Six and 00/100 Dollars ($592,766.00). Id. Plaintiff then filed a motion seeking return of the difference between the estimate of just compensation for the 5.16 acre parcel, which previously had been taken, and the 1.88 acre parcel. (Dkt. # 152). All of the defendants objected to plaintiff's motion, and the Court held a hearing. (Dkt. ## 156, 157, 163).

At the hearing, defendants argued that returning the excess amount of $1,263,740.42 was premature in light of the pending jury trial, which would fix the actual value of just compensation for the 1.88 acre parcel. (Dkt. # 163, Recording of Hearing Conducted on October 27, 2011). Defendants stated that to grant the motion would have the effect of granting a motion for partial summary judgment or, alternatively, that granting the motion would qualify as a judgment. Id. Under either theory, defendants argued that plaintiff was seeking extraordinary relief not permitted by the statutory procedure. Defendants also argued, however, that in the event the jury returned a verdict of more than ten percent above the estimate of just compensation in the second commissioners' report, they would seek attorney's fees and costs under the applicable Oklahoma statute.[3] Id.

Plaintiff argued that defendants were only entitled to just compensation for the 1.88 acre parcel and that defendants have no claim on the full amount from the appraisal of the 5.16 acre parcel. Id. Plaintiff stated that defendants simply were not entitled to retain the difference between the first and second commissioners' reports. Id.

## ANALYSIS

The Oklahoma Constitution provides that "[p]rivate property shall not be taken for public use without just compensation" and sets forth the procedure for condemnation of private property for a public use. OKLA. CONST., art. 2, § 24. The Oklahoma Constitution further defines "just compensation" as "the value of the property taken, and in addition, any injury to any part of the property not taken." Id. Although the Oklahoma Constitution describes the procedure to be followed, Oklahoma's statutes also specifically discuss the steps to be taken when plaintiff, the

---

[3] Title 27, Section 11 of the Oklahoma Statutes provides, in pertinent part, that "[i]f the award of the jury exceeds the award of the court-appointed commissioners by at least ten percent (10%), the owner of any right, title or interest in such real property may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal and engineering fees, actually incurred because of the condemnation proceedings." OKLA. STAT. tit. 27, § 11.

Oklahoma Department of Transportation, initiates a condemnation proceeding. See OKLA. STAT. tit. 69, § 1203. Relevant to the pending motion is the fact that while the condemnation proceeding is initiated by petition (in this federal court case, by the Complaint), the taking of a landowner's property does not actually occur until plaintiff deposits an amount equal to the commissioners' award with the landowner or with the Court Clerk. See id. at § 1203(d). See also State ex rel. Dept. of Transp. v. Minor, 2009 OK CIV APP 83, 221 P.3d 141 (citing State ex rel. Dept. of Transp. v. Perdue, 2008 OK 103, 204 P.3d 1279).

In this case, plaintiff asserted its intention to take 5.16 acres of private property for public use when it filed the First Amended Complaint. The taking of the 5.16 acre parcel was effective on the date that plaintiff deposited the $1,856,506.42 with the Court Clerk.[4] However, plaintiff subsequently abandoned that taking, and the property reverted back to the Crow defendants on December 9, 2010, when all of the parties consented to the filing of the Second Amended Complaint, which identified the property to be taken as a 1.88 acre parcel. (Dkt. # 118). The amount of just compensation, absent an objection, for the 1.88 acre parcel was determined on August 17, 2011, when the commissioners filed their second report. (Dkt. # 142). The second report determined just compensation to be $592,766.00, an amount significantly lower than the amount plaintiff paid for the initial taking of 5.16 acres.

In issuing a decision on this motion, the Court is faced with a single question: Is plaintiff entitled to a return of the excess it paid to the Clerk of Court when it took the 5.16 acre parcel now that the parties have consented to a taking of a 1.88 acre parcel, which has been appraised at a far smaller value? Based upon the constitutional and statutory procedures and the general

---

[4] None of the documents in the record indicate the date of deposit, but the docket indicates that the deposit was made sometime between the entry of the commissioners' report on December 8, 2009, and the Crow defendants' Motion for Disbursement of Commissioners' Funds on March 16, 2010.

principles that apply to the taking of private property for public use, the Court answers this question in the affirmative.

In this case, although there is only one proceeding, there were two distinct takings. Plaintiff took the entire 5.16 acre parcel in 2009 but returned it in 2010 when it (1) filed the Second Amended Complaint with the consent of all defendants, and (2) sought to acquire only 1.88 acres of the original 5.16 acre parcel. The second taking became effective when the commissioners' second report was filed with the Court, estimating the amount of just compensation at $592,766.00, because plaintiff had already deposited in excess of this sum with the Court Clerk. See Minor, 221 P.3d at 145.

To continue to allow defendants the use of plaintiff's money would violate the Oklahoma Constitution and the Oklahoma Statutes. Although plaintiff did, at one point in the proceeding, acquire 5.16 acres, it abandoned that taking when it filed the Second Amended Complaint. Defendants consented to the filing of the Second Amended Complaint, thereby agreeing that defendant Crow Real Estate would retain ownership of approximately three acres of the 5.16 acre parcel. In fact, at the hearing, all parties agreed that plaintiff was only seeking to condemn the 1.88 acre parcel and that the sole issue at trial would be the value of just compensation for the taking of the 1.88 acre parcel. Both the constitutional and statutory procedures provide that plaintiff is only required to deposit the amount set by the commissioners in order to exercise its right to defendants' property. See OKLA. CONST., art. 2, § 24; OKLA. STAT. tit. 69, § 1203(d). Defendants cite no authority for the proposition that plaintiff is required to pay more than the amount of the commissioners' award, and defendants are not entitled to additional funds unless and until a jury issues an award that exceeds the amount set by the commissioners. To hold otherwise would require plaintiff to pay more than is required by the Oklahoma Constitution and

6

statutes or, alternatively, to compensate a landowner for property that the landowner still owns. Accordingly, plaintiff is entitled to a return of the excess disbursement from all defendants.[5]

In accordance with the first commissioners' report, plaintiff deposited $1,856,506.42, and that entire sum was disbursed to defendants in four separate transactions. The Crow defendants received $1,259,443.70, which represented 67.84% of the deposit. Arvest received two disbursements: the first, for $428,040.27, represented 23.06% of the deposit; the second, for $40,000.00, represented 2.15% of the deposit. The SBA received $129,022.45, which represented 6.95% of the deposit. Accordingly, defendants should reimburse plaintiff in an amount equal to the initial disbursement minus the applicable percentage of the second award. Based on the foregoing, the reimbursements are calculated as follows:

1) The Crow defendants will reimburse plaintiff in the amount of $857,314.52.

2) Arvest will reimburse plaintiff in the amounts of $291,370.82 and $27,228.36.

3) The SBA will reimburse plaintiff in the amount of $87,826.73.

These reimbursements should be made to plaintiff within thirty (30) days of the date of this Order.[6]

While the parties raised a number of collateral issues at the hearing, the Court finds that those collateral issues do not affect the central question. The Court does find, however, that one

---

[5] As previously noted, at the time of the hearing, neither the SBA nor Arvest had released their liens on the property, despite having received full satisfaction of their respective mortgages through the initial disbursement. Because these defendants retained their mortgages, they also retained the protection provided by those mortgages; therefore, reimbursing plaintiff the percentage of the excess award will not place the SBA or Arvest at risk.

[6] Defendants argued that any order requiring them to return money to plaintiff would constitute a judgment or partial judgment, which would be dispositive on the issue of just compensation. The Court disagrees. Plaintiff's motion does not qualify as a dispositive motion, either in form or substance. The Court is simply applying the procedural law that governs the pre-trial stages of a condemnation proceeding. Nothing in this Opinion and Order has any impact on the issue remaining for trial, the amount of just compensation for the 1.88 acre parcel.

7

of those collateral issues should be addressed as part of this motion. Both the SBA and Arvest argued at the hearing that the excess amount should not be returned, in part, because their mortgages would not be fully satisfied by the commissioners' award on the 1.88 acre parcel. Both the SBA and Arvest also made representations that their mortgages contained acceleration clauses that were triggered by the condemnation proceeding. Because the amount of the second commissioners' award is insufficient to fully satisfy all of the liens on the property, the issue of priority of the mortgage liens and the right of the mortgagors to be paid before the landowner receives any compensation is well-taken.[7] Accordingly, defendants shall return to the Court Clerk the remainder of the money held by them after subtracting the repayments identified above.[8] Following the return of this amount to the Court Clerk, defendants are free to seek an agreed disbursement or file separate motions setting forth the basis for any disbursement that is not agreed to by all parties.

## CONCLUSION

Plaintiff's Motion for Order Directing Defendants to Return Excess Commissioners' Award (Dkt. # 152) is **GRANTED** as follows:

1. The Crow defendants shall pay to plaintiff as reimbursement $857,314.52 and shall deposit with the Court Clerk $402,129.18;
2. Arvest shall pay to plaintiff as reimbursement $318,599.18 ($291,370.82 plus $27,228.36) and shall deposit with the Court Clerk $149,441.09 ($136,669.45 plus $12,771.64); and[9]

---

[7] At the hearing, both Arvest and the SBA acknowledged that Arvest's lien takes priority over the SBA's lien.

[8] For the Crow defendants, that amount will equal $402,129.18. Arvest will make two deposits, in the amounts of $136,669.45 and $12,771.64. The SBA will deposit $41,195.72. As with the reimbursements, these funds should be deposited with the Court Clerk within thirty (30) days of the date of this Order.

[9] This Opinion and Order Nunc Pro Tunc corrects the Court's April 26, 2012 Opinion and Order (dkt. # 183), which failed to account properly for $0.01 of the original commissioners' award. The amounts shown in ¶ 2 above reflect the corrected amounts.

    3. The SBA shall pay to plaintiff as reimbursement $87,826.73 and shall deposit with the Court Clerk $41,195.72.

Defendants shall comply with this Opinion and Order within thirty (30) days of the date set forth below.

    SO ORDERED this 21st day of June, 2012, *nunc pro tunc* to the 26th day of April, 2012.

_____
T. Lane Wilson
United States Magistrate Judge