# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. DEPARTMENT OF TRANSPORTATION; | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 09-CV-452-TCK-TLW<br>) |
| UNITED STATES OF AMERICA, SMALL BUSINESS ADMINISTRATION; CROW REAL ESTATE INVESTMENTS, LLC, a terminated Oklahoma limited liability company; CROW ENTERPRISES, LLC, an Oklahoma limited liability company, d/b/a Turnpike Chrysler Jeep Dodge; ARVEST BANK, a Foreign Corporation; and COUNTY TREASURER OF OTTAWA COUNTY, OKLAHOMA; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Plaintiff's Motion for Partial Summary Judgment (Doc. 167), wherein Plaintiff State of Oklahoma, ex rel. Department of Transportation ("ODOT") moves for partial summary adjudication against Defendant Crow Enterprises, LLC ("Crow Enterprises"); and Plaintiff's First *Daubert* Motion (Doc. 168), wherein ODOT seeks to exclude the testimony of Dennis Hall ("Mr. Hall").[1]

**I.   Background**

The following facts are undisputed. On October 27, 2004, Defendant Crow Real Estate Investments, LLC ("Crow Real Estate") owned a 4.85 acre tract of property ("4.85 acres") located

---

[1] Also pending before the undersigned are Plaintiff's Second *Daubert* Motion and Plaintiff's Motion in Limine. The Court will hear arguments on these motions during the pretrial conference.

in Ottawa County, Oklahoma.[2] Pursuant to a lease agreement ("Lease") dated October 27, 2004, Crow Real Estate leased the 4.85 acres to Crow Enterprises for the operation of a car dealership known as Turnpike Chrysler Jeep Dodge ("Turnpike Chrysler"). The Lease listed Crow Real Estate as the "Landlord" and Crow Enterprises as the "Tenant." Marc Crow ("Mr. Crow") executed the Lease as manager of both Crow Real Estate and Crow Enterprises (collectively "Crow Defendants"). The Lease was for a five-year term, beginning October 27, 2004 and expiring October 26, 2009. The Lease required monthly payments in the amount of $6,000 per month, subject to certain Consumer Price Index adjustments each year. The Lease permitted extension by written notice to Crow Real Estate, not later than six months prior to expiration of the Lease, or by April 26, 2009:

> Provided Tenant is not in default in the performance of any of its obligations under this Lease, upon written notice to Landlord not later than six (6) months prior to the expiration of the Term, Tenant shall have the option ("Extension Option") to extend the term of this Lease for a period of five (5) addition years ("First Option Term") immediately following the Term set out in paragraph 2 above . . .

(Pl.'s Mot. for Partial Summ. J., at Ex. A.) The Lease also contained the following provision regarding damages in the event of condemnation ("Condemnation Provision"):

> In the event of any condemnation or exercise of eminent domain, whether a total or partial taking, Landlord shall have the right to claim and have any and all damages regarding the Premises from the condemning authority.

---

[2] Some documents in this case, including Court orders, have referred to the total acreage as 5.16 acres. As reflected in the summary judgment record and the proposed Pretrial Order, the parties now agree that Crow Real Estate owned a total of 4.85 acres, 1.88 of which were condemned for public use by ODOT.

(*Id.*)  "Premises" is defined broadly as the "Property [defined as the legal description attached as Exhibit A, which is the entire 4.85 acre parcel], together with all improvements and appurtenances thereto."  (*Id.*)

Crow Enterprises failed to send written notice of extension by the April 26, 2009 deadline. Mr. Crow admitted that this initial failure was due to oversight.  Crow Enterprises continued to occupy the premises and pay monthly lease payments, which Crow Real Estate accepted.

On July 16, 2009, ODOT initiated this condemnation action, seeking to acquire a fee simple interest in 1.88 acres of the 4.85 acres pursuant to its condemnation authority under Oklahoma law. *See* Okla. Stat. tit. 69, § 1203(a) (permitting ODOT "to acquire in fee simple in the name of the State of Oklahoma . . . by condemnation, lands or such interests therein as in its discretion may be necessary for the purpose of establishing, constructing and maintaining state highways").

On October 20, 2009, ODOT filed an Amended Complaint seeking condemnation of the entire 4.85 acres, which includes the Turnpike Chrysler building.  Pursuant to Oklahoma law, three appointed commissioners filed a report, estimating the just compensation due for the entire 4.85 acres at $1,856,506.42. On March 8, 2010, ODOT deposited that sum with the Court Clerk, and the Court subsequently ordered disbursement of these funds to Defendants.  On June 1, 2010, Crow Enterprises entered into a lease agreement with ODOT, and Crow Enterprises claims to have paid $29,750.00 to ODOT under this lease.

After receiving discovery from the Crow Defendants, ODOT moved the Court to amend its Complaint to seek only partial condemnation as it had originally done.  This motion was not opposed, and the Court permitted ODOT to file its Second Amended Complaint on December 20, 2010.  In the Second Amended Complaint, which governs these proceedings, ODOT seeks

condemnation of 1.88 acres of the 4.85 acres ("1.88 acres").[3] The Turnpike Chrysler building is not situated on these 1.88 acres. On August 17, 2011, the appointed commissioners filed a second report, estimating the just compensation due for the 1.88 acres at $592,766.00.

## II.     Motion for Partial Summary Adjudication

ODOT has moved for partial summary adjudication on the question of whether Defendant Crow Enterprises is entitled to any just compensation award based on its status as a lessee or tenant.[4]

### A.     Summary Judgment Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id*. However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party seeking to overcome a motion for summary judgment must also make a showing sufficient  to establish the existence of those elements essential to that party's case. *See Celotex Corp. v.  Catrett*, 477 U.S. 317, 323-33 (1986).

---

[3] This led to disputes regarding the disbursed funds, some of which are ongoing and pending before Magistrate Judge Lane Wilson.

[4] In the proposed Pretrial Order, the parties listed as a question of law "[w]hether Crow Enterprises is a 'displaced person' under the federal and state relocation acts." This question was not raised or addressed in the briefing on ODOT's motion for partial summary adjudication, and this Opinion and Order does not reach the question.

B.  **Discussion**

ODOT makes two alternative arguments in support of summary adjudication: (1) Crow Enterprises was a tenant at will at the time of the taking, and tenants at will are not entitled to just compensation; and (2) assuming the Lease terms were in force at the time of the taking, the Condemnation Provision precludes any recovery by Crow Enterprises.  In response, Crow Enterprises argues: (1) it was not a tenant at will on the date of taking; (2) assuming it was a tenant at will, Oklahoma law does not preclude its recovery; (3) ODOT is estopped from maintaining that Crow Enterprises is a tenant at will because ODOT's taking on March 8, 2010 effectively precluded Crow Enterprises from renewing the Lease; and (4) the damages it seeks are not damages to the "premises" and are therefore not precluded by the Condemnation Provision.

1.  **Crow Enterprises' Status**

"A condemnee's damages are judged by the conditions existing when the property is taken." *State ex rel. Dep't of Transp. v. Post*, 125 P.3d 1183, 1188 (Okla. 2005).  Property is taken "when the condemnor pays the commissioner's award into court." *Id.*  In this case, the taking occurred on March 8, 2010, the date that ODOT deposited funds with the Court Clerk.  Crow Enterprises failed to send written notice of its lease renewal by April 26, 2009, and such lease expired on October 26, 2009.  Thus, on March 8, 2010, Crow Enterprises was not occupying the premises pursuant to the Lease.

Nonetheless, prior to March 8, 2010, Crow Enterprises continued to occupy the premises and make monthly lease payments, which were accepted by Crow Real Estate.  During this time period from October 26, 2009 to March 8, 2010, Crow Enterprises was deemed a "tenant at will" by Oklahoma statute.  *See* Okla. Stat. tit. 41, § 2 ("41 O.S. § 2") ("When premises are let for one (1)

5

or more years, and the tenant, with the assent of the landlord, continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant at will; provided, that no lease or rental contract of premises shall be continued, unless the original contract was in writing, and all other lease or contracts shall expire by limitation with the calendar year, without notice."); *Simmons v. Farris*, 289 P.2d 372, 373-74 (Okla. 1955) (holding that, where written lease had expired, relationship created by tenant remaining in possession and paying rent was either tenancy at will or month to month tenancy); *Stephenson v. O'Keefe*, 154 P.2d 757, 758-59 (Okla. 1944) (holding that where lessor accepted rent for two months after the expiration of the written lease, lessee became a tenant at will); *State ex rel. Dep't of Transp. v. S&S Props.*, 994 P.2d 75, 80 (Okla. Civ. App. 1999) (holding that, where written rental agreement for northern portion of property had expired but lessee continued to pay rent and occupy premises, relationship created was a tenancy at will, with a year-to-year tenancy).

Crow Enterprises argues that another Oklahoma statute, which was enacted prior to 41 O.S. § 2, entitles it to a presumption of renewal of the written lease. *See* Okla. Stat. tit. 41, § 35 ("41 O.S. § 35") ("If a lessee of real property remains in possession thereof, after the expiration of the lease and the lessor accepts rent from him, the parties are presumed to have renewed the lease on the same terms and for the same time, not exceeding one (1) year."). However, the Oklahoma Supreme Court has ruled that 41 O.S. § 35 "was repealed by implication by the legislature in the adoption of [41 O.S. § 2]." *Simmons*, 289 P.2d at 373; *see Stephenson*, 154 P.2d at 759 (holding that 41 O.S.§ 2 was "the last legislative expression on the subject" and therefore "govern[s] over" 41 O.S. § 35). Thus, according to the Oklahoma Supreme Court's interpretation of these statutes, Crow Enterprises was a "tenant at will" on the date of taking.

### 2. Entitlement to Just Compensation

The Oklahoma Supreme Court has not discussed a tenant at will's right to just compensation in eminent domain proceedings. *See State ex rel. Dep't of Transp. v. S&S Properties,* 994 P.2d 75, 81 (Okla. Civ. App. 1999) (explaining that the "legal status of a tenant at will in eminent domain proceedings is unsettled in Oklahoma").[5] In 1999, the Oklahoma Court of Civil Appeals addressed the precise question of whether "a tenant at will who is occupying a premises with the consent of the property owner, *but with no prior written lease agreement*, has a property interest entitling the lessee to just compensation when land is taken for public use." *Id.* at 80 (emphasis in original). Similar to the facts in this case, the "tenant" company leasing the property was owned by the same individuals as the "landlord" company that owned the property. The court held that the tenant was not entitled to just compensation and that its inclusion in the case was reversible error because the jury could have been "improperly influenced by evidence of the effect the taking had on the business operation of [the tenant]." *Id.* at 81. In so holding, the Oklahoma Court of Civil Appeals followed the majority rule. *See* 56 Am. Jur. *Proof of Facts* 3d. 419, § 9 (2000) ("[O]ne failing to execute a renewal of a lease on the terms specified therein prior to the expiration of the original term has no compensable interest in a condemnation award."); 29A C.J.S. *Eminent Domain* § 190 (1992) ("A tenant by sufferance or from month to month has no such interest as entitled him to compensation; and this is true as to a tenant at will, although there is also authority to the contrary."); 26 Am. Jur.

---

[5] The Oklahoma Supreme Court has recognized a tenant's right to just compensation, where the tenant has a remaining term on its leasehold estate. *See Garibaldi v. Okla. Indus. Finance Corp.*, 543 P.2d 555, 558 (Okla. 1975) (explaining that the "measure of compensation for the estate of the tenant taken is the value of her leasehold estate, subject to the rent covenanted to be paid") (internal quotations omitted). As explained above, Crow Enterprises' Lease with Crow Real Estate expired based on non-renewal on October 26, 2009, and Crow Enterprises was a tenant at will on the date of taking.

7

2d *Eminent Domain* § 232 (2004) (explaining that "a mere tenant at will . . . is generally not entitled to compensation for the taking of his or her interest").

The Court concludes that Crow Enterprises may not recover just compensation based on its status as a lessee or tenant. First, the Oklahoma Court of Civil Appeals, following the weight of authority, has held that tenants at will – even those with an identity of interests with their landlord – are not entitled to just compensation in the event of condemnation. The Crow Defendants argue that the existence of a prior written lease distinguishes this case from *S&S Properties*. However, the authority relied upon by the court in *S&S Properties* did not distinguish between (1) tenants at will with expired written lease agreements; and (2) tenants at will who never entered into any written lease agreement. Nor does the Court find any reason to do so in this case.

Second, the Condemnation Provision in the Lease expressly excluded Crow Enterprises from recovering just compensation in the event of a total or partial taking. Such agreements are generally enforceable unless found to be unconscionable. *See generally* Restatement (Second) of Property, Landlord & Tenant § 8.2 (1977).[6] Thus, even assuming the Court deemed Crow Enterprises as a tenant under a five-year written lease term (based on its interpretation of Oklahoma common law, estoppel as urged by the Crow Defendants, or some other principle), Crow Enterprises still would not be entitled to just compensation for damages to its leasehold interest. It would be an absurd result if expiration of the Lease created new rights for Crow Enterprises that did not exist during the life of the Lease.

---

[6] Mr. Crow signed the Lease on behalf of both entities, and the Crow Defendants have not argued that the Condemnation Provision is somehow unconscionable.

8

Finally, the Court rejects Crow Enterprises' argument that its claimed damages would be outside the scope of the Condemnation Provision because they are not damages to the "Premises." With respect to the damages described in paragraph 11 of Mr. Crow's affidavit – namely, the costs of reconfiguring the Turnpike Chrysler facility to preserve its level of business (*see* Crow's Resp. to Pl.'s Mot. for Partial Summ. J., Ex. 1) – this constitutes damage to the "premises." As explained above, "premises" is defined as the entire 4.85 acres and any improvements thereon. Although the facility is located on the remainder, the Condemnation Provision expressly precludes recovery for any and all damages to the entire "premises," whether in the event of a partial or total taking. With respect to the damages described in paragraph 12 – namely, the $29,750.00 in rent Crow Enterprises paid to ODOT (*see* Crow's Resp. to Pl.'s Mot. for Partial Summ. J., Ex. 1) – the Court agrees with ODOT that such claims are contractual in nature and may not be asserted as "just compensation" damages resulting from the taking at issue. Therefore, Crow Enterprises is not entitled to any just compensation damages based on its status as a lessee or tenant.

## III.    ODOT's First *Daubert* Motion

Mr. Hall, a certified real estate appraiser, authored two similar expert reports – one that was transmitted to Crow Real Estate on October 7, 2010 ("2010 Report") and one that was transmitted February 8, 2012 ("2012 Report"). The 2010 Report was authored based on the Amended Complaint and assumes a total taking of the 4.85 acres. Following the Second Amended Complaint, the Court set a new deadline of December 19, 2011 for the exchange of expert reports. On this date, the Crow Defendants again produced the 2010 Report but with an "update" consisting of a document entitled "Just Compensation" ("Just Compensation Document"). The Just Compensation Document, which the Crow Defendants intended as an addendum to the 2010 Report, states that (1) the value

9

of the 1.88 acre parcel is $307,916.92, and (2) damage to the remainder is "nominal PROVIDED the remaining site is reconfigured and refitted to maintain full utility of the facility." (Pl.'s First Daubert Motion, Ex. C.) On February 8, 2012, on the morning of Mr. Hall's deposition, the Crow Defendants provided the 2012 Report.

ODOT seeks to exclude (1) opinions in the 2010 Report on grounds of relevance, (2) the Just Compensation Document on grounds that it is not a stand-alone "expert report," and (3) opinions in the 2012 Report on grounds of untimeliness. In response, the Crow Defendants contend that the 2012 Report is "virtually the same as the combined [2010 Report] and [Just Compensation Document]" except with (1) "renewed information pertaining to the partial take square footage;" (2) an $83.08 difference in the amount of just compensation, and (3) a "better appearance." (Crow Defs.' Resp. to First Daubert Mot. 3-4.)

Because it is likely dispositive of the other two arguments, the Court begins with ODOT's third argument seeking exclusion of opinions set forth in the 2012 Report. The Court finds no cause for excluding the opinions set forth in the 2012 Report on grounds of untimeliness. Although Crow Real Estate did not provide the 2012 Report by December 19, 2011, it did timely provide the 2010 Report with the Just Compensation Document "update" setting forth an estimated value for the 1.88 acres. As argued by the Crow Defendants, the 2010 Report and Just Compensation Document – taken together – do not differ substantially from the 2012 Report. Mr. Hall's overall methods did not change, and his conclusions changed only slightly by $83.08. The changes are a permissible supplement rather than an entirely new, untimely report. Thus, the Court does not view the Crow

Defendants' conduct as total non-compliance with Federal Rule of Civil Procedure 26(a)(2), and the sanctions in Federal Rule of Civil Procedure 37(c)(1) are not implicated.[7]

## IV.  Conclusion

Plaintiff's Motion for Partial Summary Judgment (Doc. 167), construed as a motion for partial summary adjudication, is GRANTED as set forth in this Opinion and Order. Specifically, the Court holds that Crow Enterprises is not entitled to just compensation based on its status as a lessee or tenant.[8] Plaintiff's First *Daubert* Motion (Doc. 168) is DENIED, and Mr. Hall shall be permitted to testify in accordance with the 2012 Report.

**SO ORDERED this 9th day of October, 2012.**

**TERENCE KERN**
**United States District Judge**

---

[7] Based on their arguments, the Crow Defendants do not appear to seek introduction of any specific opinions set forth *only* in the 2010 Report or the Just Compensation Document. Therefore, the Court does not reach ODOT's arguments related to such opinions. If necessary, the Court will address these during the pretrial conference.

[8] Based on the proposed Pretrial Order's inclusion of certain questions of law and fact that are not reached by this Opinion and Order, *see supra* note 4, the Court will not dismiss Crow Enterprises as a party.